UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA B. ATCHISON, as Personal
Representative of the Estate of
JOHN ATCHISON, Deceased,

       Plaintiff,

v.

E. STA. CRUZ, DOMINICK J.
OLIVERIO, SARAH M. GILLESPIE,
and STEPHEN GIDEL,

       Defendants.
_____/

Case No. 10-10545
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      March 14, 2011

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

On January 24, 2011, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court (i) grant Plaintiff's motion for leave to file a first amended complaint, and (ii) deny as moot Defendants' motion to dismiss. Defendants filed objections to the R & R on February 7, 2011. Having reviewed the R & R, Defendants' objections, the parties' underlying motions, and the record as a whole, the Court is now prepared to rule on this matter. For the reasons stated briefly below, the Court overrules Defendants' objections, and adopts the R & R as the opinion

of this Court.

As explained by the Magistrate Judge, the standard by which Plaintiff's allegations must be judged is whether these allegations, accepted as true, establish that "the defendants acted with deliberate indifference to the serious medical needs of the pretrial detainee," John Atchison. (R & R at 6 (internal quotation marks and citation omitted).) Defendants correctly observe that this standard of deliberate indifference is not satisfied through allegations of ordinary medical malpractice; "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001). Similarly, "the right to medical care for serious medical needs does not encompass the right to be screened correctly for suicidal tendencies." *Comstock,* 273 F.3d at 702 (internal quotation marks and citation omitted). Moreover, the deliberate indifference standard includes a subjective component, which requires allegations "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock,* 273 F.3d at 703.

In their objections to the R & R, Defendants argue that Plaintiff's proposed first amended complaint does not meet these standards for pleading deliberate indifference to Mr. Atchison's serious medical needs. As noted in the R & R, Plaintiff alleges that Defendants exhibited deliberate indifference (i) by "failing to obtain a full,

comprehensive psychiatric assessment to discern John Atchison's mental status before permitting a suicide watch or suicide prevention methods to be discontinued," and (ii) by "failing to discern whether John Atchison was a suicide risk before discontinuing a suicide watch." (R & R at 3 (quoting Proposed First Amended Complaint at ¶ 25(a)-(b)).) As to the first of these allegations, Defendants argue that a prison doctor's failure to order a specific medical test or procedure is tantamount only to medical malpractice, and not deliberate indifference. As to the second, Defendants contend that a showing of deliberate indifference is defeated by the allegations elsewhere in Plaintiff's proposed first amended complaint that Defendants did not subjectively believe Mr. Atchison to be suicidal. It follows, in Defendants' view, that the amendments sought in Plaintiff's proposed amended complaint would be futile.

  The Court agrees with the Magistrate Judge that the allegations in this proposed pleading are sufficient to permit this case to go forward. First, regarding Plaintiff's allegation that Defendants failed to conduct a more comprehensive psychiatric assessment before discontinuing a suicide watch or suicide prevention methods, the Court cannot agree with Defendants' contention that this failure would constitute (at most) malpractice, and not deliberate indifference. When Mr. Atchison was first seen by Defendants at the Federal Detention Center in Milan, Michigan, he had attempted suicide earlier that day. (*See* Proposed First Amended Complaint at ¶¶ 7-8.) While Defendant Oliverio, a psychologist, allegedly determined in an intake screening that Mr. Atchison was not regarded as suicidal, he nonetheless placed Mr. Atchison "on suicide watch temporarily

3

due to the recency of his gesture earlier in the day," and he allegedly "noted the precise prediction of suicidal behavior was difficult to determine and should be modified as circumstances change[d]." (*Id.* at ¶¶ 9-10.)

Contrary to Defendants' contention, a showing of deliberate indifference is not defeated solely by Defendant Oliverio's alleged assessment that Mr. Atchison did not appear to be suicidal. The Sixth Circuit has explained that a detainee's right "to receive suicide screenings or to be placed in suicide safe facilities" arises once "the detainee has somehow demonstrated a strong likelihood of committing suicide." *Gray v. City of Detroit,* 399 F.3d 612, 616 (6th Cir. 2005); *see also Comstock,* 273 F.3d at 711 ("This circuit has consistently recognized a prisoner's established right to medical attention once the prisoner's suicidal tendencies are known."). If the information available to Defendant Oliverio at the time of his intake screening — including, most notably, Mr. Atchison's suicide attempt earlier that same day — gave rise to a "substantial risk" that Mr. Atchison would again attempt suicide, yet Defendant Oliverio "recklessly disregarded" this risk, this could support a finding of deliberate indifference. *Schultz v. Sillman,* No. 04-1507, 148 F. App'x 396, 403 (6th Cir. Aug. 10, 2005); *see also Comstock,* 273 F.3d at 704 (finding that the plaintiff had sufficiently pled a prison psychologist's deliberate indifference, based on his "cursory evaluation" of an inmate despite his awareness of information indicating that the inmate was suicidal). *See generally Terrance v. Northville Regional Psychiatric Hospital,* 286 F.3d 834, 843 (6th Cir. 2002) (holding that the deliberate indifference of medical personnel "may be established by a showing of grossly

4

inadequate care as well as a decision to take an easier but less efficacious course of treatment" (internal quotation marks and citations omitted)). Yet, at the threshold, pleading stage of this case, Plaintiff cannot be expected to allege more specifically what information Defendant Oliverio had at his disposal as he determined (i) whether Mr. Atchison posed a continuing threat of suicide and (ii) what sort of screening procedures or evaluative measures were appropriate to properly ascertain the degree of this risk. Under these circumstances, the Court concurs in the Magistrate Judge's recommendation that Plaintiff be afforded an opportunity to explore these matters through discovery.

Next, regarding Plaintiff's allegation that Defendants "fail[ed] to discern whether John Atchison was a suicide risk before discontinuing a suicide watch," (Proposed First Amended Complaint at ¶ 25(b)), Defendants contend that this is tantamount to a claim that they "failed to screen [Mr. Atchison] correctly for suicidal tendencies," (Defendants' Objections at 9), which the Sixth Circuit has rejected as a basis for a finding of deliberate indifference, *see Comstock,* 273 F.3d at 702. Again, however — and as this Court has previously explained — a medical professional is not altogether shielded from liability for deliberate indifference solely by virtue of his or her assessment that an inmate "did not appear suicidal." *Perez v. Oakland County,* 380 F. Supp.2d 830, 843 (E.D. Mich. 2005), *aff'd,* 466 F.3d 416 (6th Cir. 2006). Rather, such an assessment, even if mistaken, defeats a finding of deliberate indifference only so long as it is the product of a "reasoned" exercise of "professional skills," as opposed to a "grossly inadequate" or "grossly substandard" evaluative process. *Comstock,* 273 F.3d at 708-11 (internal quotation marks

5

and citations omitted); *see also Perez,* 380 F. Supp.2d at 843-46. In addition, and as observed by the Magistrate Judge, (*see* R & R at 9), a medical professional's judgment is not shielded from federal constitutional scrutiny if it rests on a deliberate disregard for changed circumstances. *See Perez,* 380 F. Supp.2d at 843. This Court, like the Magistrate, finds that these questions warrant exploration in discovery, where Plaintiff cannot be expected to know at this stage (i) what information the Defendant medical professionals had at their disposal as they continued to evaluate Mr. Atchison's risk of suicide, and (ii) the evaluative processes they employed in making their assessments.

Contrary to Defendants' suggestion, this result does not invite a battle of the experts that must invariably be resolved by the trier of fact. In *Perez,* 380 F. Supp.2d at 844, for example, this Court observed that the plaintiff in that case could not withstand summary judgment on a claim of deliberate indifference merely "by offering an expert opinion that question[ed] [the defendant physician's] medical judgment." Yet, as the Magistrate Judge recognized, (*see* R & R at 8), the Sixth Circuit has mandated at least some level of scrutiny of the judgments of medical professionals, by virtue of its holding that the objective prong of the deliberate indifference standard can be satisfied through a showing of "grossly inadequate care." *Terrance,* 286 F.3d at 843 (internal quotation marks and citations omitted); *see also Comstock,* 273 F.3d at 708-11 (relying in part on the opinion of the plaintiff's medical expert). Thus, regardless of the availability of experts to "take almost any position in any case," (Defendants' Objections at 10), and regardless of the role that any such expert opinion might have in the ultimate disposition

of this case, Plaintiff has identified a sufficient basis here for looking behind the bare conclusions of the Defendant medical professionals to ascertain the grounds for these conclusions and the record upon which they were based.

Finally, Defendants question whether Plaintiff's allegations are sufficient to pursue federal constitutional claims against the two Defendant physician assistants, Cruz and Gidel. As Defendants point out, the complaint does not allege that either of these two individuals had the authority to order a comprehensive psychiatric assessment of Mr. Atchison or take him off suicide watch. This Court addressed a somewhat analogous issue in *Perez,* 380 F. Supp.2d at 841-44, noting that different standards potentially governed the plaintiff's claims against the defendant doctor and the defendant caseworker. As discussed in that case, the standard for determining the caseworker's culpability turned on such factual considerations as whether she was merely gathering data that was passed along to the appropriate medical personnel for use in forming their professional judgments, or whether she instead "was making decisions that were essentially medical in nature." *Perez,* 380 F. Supp.2d at 842-44. Because discovery is necessary to enable Plaintiff to conduct a similar inquiry here — *i.e.,* to ascertain the roles played by Defendants Cruz and Gidel in the alleged discontinuation of Mr. Atchison's suicide watch, and in the determination whether additional medical or psychiatric care or evaluation was warranted in light of any evolving circumstances of which they became aware — the Court finds that the claims against these two Defendants may go forward.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's January 24, 2011 Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present opinion and order. IT IS FURTHER ORDERED that, for the reasons stated in the R & R and this opinion, Plaintiff's July 22, 2010 motion for leave to file a first amended complaint (docket #16) is GRANTED, and Defendants' June 18, 2010 motion to dismiss (docket #12) is DENIED AS MOOT. Finally, IT IS FURTHER ORDERED that, within *seven (7) days* of the date of this opinion and order, Plaintiff shall file and serve the first amended complaint attached as an exhibit to her motion.

          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated: March 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2011, by electronic and/or ordinary mail.

          s/Ruth A. Gunther
          Case Manager